PONDER, Judge.
Plaintiff appealed the trial court’s judgment dismissing its suit on open account for monies due for insurance policies and finding in favor of defendant’s reconventional demand for overpayment.
The issue on appeal is the sufficiency of evidence of the claims, both main and re-conventional.
We affirm in part and reverse in part.
Plaintiff, an insurance brokerage company, had supplied the insurance needs of the defendant, an oil field service company, for several years. In April, 1977, a dispute over the premiums due culminated in the cancellation of all policies on which the plaintiff acted as broker.[1] The unused portions of the policy premiums were credited to defendant’s account and the plaintiff then filed suit claiming that it had disbursed funds in advance for those policies, and that defendant still owed the plaintiff $12,122.77. The defendant filed dilatory exceptions of vagueness and failure to comply with formal requisites, answered and reconvened for the money refunded plaintiff after cancellation of defendant’s policies, as well as damages for injury to the *277 company’s reputation and the resultant increased cost of insurance.[2]
The trial judge dismissed plaintiffs suit, finding that defendant proved it had paid all sums due the plaintiff. In written reasons, he stated that the defendant also proved that it had paid $27,000.00 to the plaintiff in anticipation of a new business venture, but had never received a credit for that sum. The defendant was awarded $27,000.00 on its reconventionál demand.
Plaintiff first argues that the trial court erred in finding that defendant proved payment and that plaintiff did not carry its burden of proof.
Defendant introduced a check made out to plaintiff for $15,979.00, on January 13, 1977 with “All insurance paid in full for year 12/18/76 thru 12/18/77” typed on its face. The bookkeeper and the president of Statco testified that the figure on the check was given to them by Mr. Rodrigue but Mr. Rodrigue denied this. Defendant’s president testified that Statco’s premiums were always paid in advance and that his company never had a balance due at the end of the yfear.
The trial judge evidently believed the testimony of the defendant’s employees. This position is supported by the language typed on the check, but is disputed by the statement of account introduced by the plaintiff. This evidence, a statement of accounts, is dated from August, 1974 through June, 1977, with an additional statement dated December, 1977, giving a final balance of $12,122.77.[3] The account shows no credit for the cancellation of a $2400.00 liability policy, a $6500.00 umbrella policy, a $4412.00 fire policy, and a $4000.00 liability policy.[4]
The statement gives a balance of $15,-300.71 as of June 30, 1977, and Mr. Ro-drigue testified that credit was given for all cancellations in attaining the final December balance of $12,122.77. Even if the policies were not cancelled until June of 1977, the credit given probably should have been more than $3177.94, which is the difference between the June and December balances.[5]
In the absence of the insurance policies and the confusing and incomplete evidence on the balance owed, we agree plaintiff has not carried its burden of proof.
Plaintiff’s argument that the trial court erred in finding that the defendant had proved its reconventionál demand in the amount of $27,000.00 has merit.
Defendant introduced a cheek made out to the plaintiff, on May 21, 1976, in the amount of $27,000.00. The words “General Insurance” were typed under the name of the payee. Defendant’s bookkeeper testified that the check was to be an initial deposit on the insurance for a rental tool business that Mr. Matherne intended to open. When his plans fell through, the money was to be applied to the insurance on a drilling rig which Mr. Matherne bought instead. The company owning the drilling rig was named Mark Drilling and another check, dated February, 1977, for $38,137.50, from Mark Drilling, contained a notation that $27,000.00 had been applied to the premiums owed by Mark Drilling.
Mr. Rodrigue testified that he handled the insurance for Mark Drilling, but in a separate account. However, the itemized *278 statement for defendant’s account listed a $27,000.00 payment on May 24, 1976.
The evidence indicates that the money was used to pay premiums for the defendant or Mark Drilling. The itemized statement and the check from the defendant both show a deduction from owed premiums. We find no evidence to support a finding that defendant was never credited for this amount. The trial judge’s finding that the defendant should receive the $27,-000.00 refund is in error. That portion of the judgment is reversed.
For these reasons, the judgment of the trial court denying recovery on the main demand is affirmed. The judgment awarding $27,000.00 plus interest and costs to the plaintiff in reconvention is reversed. Costs of the appeal are to be paid by the defendant.
AFFIRMED IN PART, REVERSED IN PART.

. These parties had previously been before this court in a suit over a physical confrontation that took place at the April meeting. Rodrigue v. Matherne, 416 So.2d 577 (La.App. 1st Cir. 1982).

. Plaintiff obtained a default judgment against the defendant, but defendant’s Motion for New Trial was granted.

. Mr. Rodrigue testified that the plaintiff company was sold in 1977 and that the missing records, from July through December, 1977, were with the new owners.

. The $2400.00 liability policy terminated on June 15, 1977, so if it was not cancelled soon after the April confrontation, it may have terminated on its own. The fire policy ran from 12/18/76 to 12/18/78, so a larger proportion should have been credited to defendant’s account since the policy ran longer than the normal one year period. The account also listed a workmen’s compensation policy and aviation policy that were not cancelled, but defendant’s answer alleged that these policies were to remain in effect.

.The amount credited may be less than this since a journal entry on the December statement could be construed as a $1000.00 payment.